JOHN WILLIAMS *v.* BENJAMIN T. SAYERS ET AL.

REPLEVIN.   *Sale.   Contract, when complete.*

The sale of property is not complete, between seller and buyer, so as to pass title while anything remains to be done between them in relation to the property, whether it be the identification of the property or fixing the price, and replevin for property cannot be maintained by one whose purchase of it is incomplete.

FROM the circuit court, second district, of Coahoma county. HON. FRANK A. MONTGOMERY, Judge.

Williams, appellant, was plaintiff in the court below; Sayers and others, appellees, were defendants there. The facts are fully stated in the opinion of the court.

*R. H. Wildberger* and *Alexander & Alexander*, for appellant.

This case is almost identical with *Jordan* v. *Harris*, 31 Miss., 257. That case is controlling in favor of the view that the contract passed the title. A similar declaration is announced in *McKay* v. *Hamblin*, 44 Miss., 474, and both these cases are cited with approval in *Smith* v. *Sparkman*, 55 Miss., 649.

*Rush & Gardner*, for appellees.

The written contract or agreement is, at best, only an executory contract with reference to the sale of forty-nine bales of cotton, no part of which was actually delivered, but the whole lot, it seems, was to be dealt with by Stewart and placed in merchantable condition, and delivered in such condition to Williams at a fixed price per hundred pounds for the whole forty-nine bales, yet Williams brings replevin for twenty-six bales of the forty-nine bales held, and seeks to obtain a part of said cotton at a different price from that shown by the written agreement, which but demonstrates the wisdom of the rule that the written agreement must stand or fall, as to its terms and conditions, upon its face, without the aid of extrinsic or oral testimony to add to or take from its terms. *Fisher* v. *Kuhn*, 54 Miss., 480. The whole suit, however, is, we think, settled by the decision of this court in the case of *Berry* v. *Waterman*, 71 Miss., 497.

TERRAL, J., delivered the opinion of the court.

This is a replevin suit, brought by Williams, for twenty-six bales of cotton. J. H. Stewart, as executor, had forty-nine bales of cotton stored with the Clarksdale Compress Company,

which was in a damaged condition, and employed said compress company to separate the damaged cotton from the good, and, if necessary, to rebale the same. On November 7, 1898, Stewart, by written contract, agreed to sell the merchantable cotton in said forty-nine bales of cotton to John Williams, at 3.26 cents per pound of merchantable cotton, to be paid for on delivery, after the good cotton had been separated from the damaged cotton. Thereafter, the compress company having put the good cotton in the forty-nine bales of cotton into a merchantable condition, by picking the damaged cotton from the good and rebaling the latter into twenty-six bales, Williams tendered to Sayers, the agent of Stewart, the purchase price of the twenty-six bales of cotton, demanded the delivery of the same, which Sayers declined, when he brought this suit for their recovery. The circuit judge directed a verdict and judgment for the appellee, and Williams appeals.

A suit by replevin did not lie in this case. It is a rule of law that, as between the seller and the buyer, the sale of property is not complete, so as to pass the title to the buyer, while anything remains to be done between them in relation to the property, whether to ascertain and identify the property or to fix the price to be paid for it. What Williams bought was not the forty-nine bales of cotton at the Clarksdale compress warehouse, but the merchantable cotton in said forty-nine bales of cotton. The merchantable cotton in said forty-nine bales was commingled with unmerchantable or damaged cotton. The good cotton was to be separated from the damaged cotton, and the good cotton was thereafter, at considerable expense, separated from the damaged cotton, and was rebaled by the compress company, and for this rebaled cotton this suit was brought. The contract, therefore, did not evidence a completed sale, and Williams had no title to sustain the action brought by him. Story on Sales (3d ed.), sec. 296 *et seq.*

*The judgment of the circuit court is affirmed.*